UNITED STATES of America

v.

Kelley DAVIS, a/k/a Tee and Inez Davis.

Crim. No. 70-283.

United States District Court,
W. D. Pennsylvania.

July 7, 1971.

Charles F. Scarlata, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Lloyd F. Engle, Jr., Kuhn, Engle & Blair, Pittsburgh, Pa., for defendants.

## OPINION

### ON MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL

TEITELBAUM, District Judge.

The defendants, Kelley Davis, a/k/a Tee and Inez Davis, were convicted on eight counts and six counts, respectively, of violations of receiving and concealing a narcotic drug in violation of 21 U.S.C. § 174 and of possessing a narcotic drug not in or from the original stamped package in violation of 26 U.S.C. § 4704(a). At the conclusion of the trial, the defendant, Kelley Davis' Motion for Judgment of Acquittal as to two of the

counts on which he was convicted was granted. The defendant, Inez Davis, has moved for Judgment of Acquittal and both defendants have moved for a new trial.

The defendant, Inez Davis' Motion for Judgment of Acquittal is based on the ground that the evidence is not sufficient to show the requisite possession or control of the narcotic drugs. The motion of both defendants for a new trial is based on the grounds that (1) the verdict was based upon illegally obtained evidence, (2) the verdict was based upon evidence obtained in violation of the defendants' rights guaranteed by the Fourth Amendment to the Constitution of the United States, (3) the verdict was contrary to the evidence, (4) the verdict was contrary to the weight of the evidence, (5) the verdict was contrary to the law, (6) the Court erred in refusing to grant defendants' Motion for Judgment of Acquittal based upon the fact that the U. S. Attorney, in his opening statement to the jury, amended the indictment and, thereby, rendered it null and void, and (7) the Court erred in refusing to grant defendants' Motion for Judgment of Acquittal based upon the fact that the proof offered by the U. S. Attorney was at total variance with the indictment.

For purposes of these motions, the facts and the inferences therefrom must be construed in the light most favorable to the Government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1942). In that light, the testimony of the Government witnesses established the following. In the early evening of June 19, 1970, agents of the Bureau of Narcotics and Dangerous Drugs received information from an informant that Kelley Davis was then in the apartment of Inez Davis at 26 Braddock Avenue, Braddock, Pennsylvania, cutting heroin. Inez Davis is Kelley Davis' daughter. On that information, the agents, along with the Chief of Police of the Borough of Braddock, proceeded to the apartment. At the apartment, the agents and the Chief knocked on the door and announced their presence. When no one answered, they, upon hearing a rushing and scuffling inside, entered the apartment where they confronted three people, Inez Davis, Kelley Davis and one Gloria Anderson. The defendants, Inez Davis and Kelley Davis, were observed in the kitchen, near a kitchen table. Kelley Davis was attempting to pour liquid from a pitcher onto a quantity of loose white powder that was on the table. The agents proceeded to seize the loose powder and other materials, including paraphernalia usually used in mixing, diluting, and packaging certain narcotic drugs, which were on the table and to place the defendants under arrest. After advising the defendants of their rights, one of the agents searched the person of Kelley Davis whereupon he found two brown manila envelopes containing a white powdered substance in his pockets. The agents also seized some glassine envelopes containing a white powdered substance from the kitchen table, from beneath a windowsill in the kitchen, and from the sidewalk outside and below the apartment. Inez Davis' own testimony placed her in the kitchen for a fair length of time immediately prior to the entry of the agents. Her testimony was, however, to the effect that she was there for the purpose of preparing dinner and that the third person in the apartment, Gloria Anderson, a house guest, was sitting at the table working with, what Mrs. Davis indicated she only later learned were drugs. The drugs and the other materials, Mrs. Davis suggested, were in the sole possession of Gloria Anderson. It is apparent that the jury chose to believe the circumstantial evidence rather than the direct testimony.

The expert witnesses produced by the Government established that the white powdered substance contained heroin, a narcotic drug. Kelley Davis' convictions were with respect to the quantity of loose white powder found on the kitchen table, the glassine envelopes recovered from the kitchen table, the glassine envelopes recovered from beneath the win-

dowsill in the kitchen, and the brown manila envelopes recovered from his person. Inez Davis' convictions were with respect to the quantity of loose white powder found on the kitchen table, the glassine envelopes recovered from the kitchen table and the glassine envelopes recovered from beneath the windowsill in the kitchen. The Motion for Judgment of Acquittal granted as to Kelley Davis concerned the glassine envelopes recovered from beneath the windowsill in the kitchen.

 It is well established that the requisite possession under the statutes involved in this case may be either actual or constructive. United States v. Amaro, 422 F.2d 1078 (C.A. 9, 1970); Williams v. United States, 418 F.2d 159 (C.A. 9, 1969); Smith v. United States, 385 F.2d 34 (C.A. 5, 1967). Moreover, neither need be exclusive, but may be shared with others. Smith v. United States, *supra*; Brothers v. United States, 328 F.2d 151 (C.A. 9, 1964). Further, constructive possession may be found even if another person has actual possession if the constructive possessor knowingly had the power to exercise dominion or control over the narcotic drugs. Amaya v. United States, 373 F. 2d 197 (C.A. 10, 1967). On the other hand, constructive possession may not be found from "mere proximity to the drug, mere presence on the property where it is located, or mere association, without more, with the person who does control the drug or the property on which it is found". Brothers v. United States, *supra*. It is also well established that proof of the requisite possession may be by circumstantial as well as by direct evidence. United States v. Bridges, 419 F.2d 963 (C.A. 8, 1969); Smith v. United States, *supra*; Brothers v. United States, *supra*.

 From the fact of these relationships between Inez Davis and the property on which the drugs were found, the location and state in which the drugs were found on the property, and the person in whose clear control the drugs were found, there was sufficient evidence upon which the jury could have based its finding of guilty as to Inez Davis. The motion of the defendant Inez Davis for Judgment of Acquittal is therefore denied.

 Turning to the motion of both defendants for a new trial, that the verdict was contrary to the evidence, the weight of the evidence, and the law are untenable as to both Kelley Davis and Inez Davis in light of the outlined construction which must be given the facts and the inferences therefrom. The other grounds offered by the defendants' motion are equally untenable. That the U. S. Attorney's opening statement, which is not evidence, varied from the indictment in that he misstated the year of the offense is not an amendment to the indictment, and as a ground upon which a motion for a new trial may be granted borders on the frivolous. Further, that the proof offered by the U. S. Attorney at the trial was at variance with the indictment in that the gram weight of heroin contained in the white powder was less, as a consequence of the addition of dilutants to the powder, than alleged in the indictment is neither an amendment nor fatal to the indictment. Specificity is required of an indictment so that a defendant will be (1) adequately apprised of the offense charged and (2) fairly protected from another prosecution for the same offense. Berger v. United States, 295 U.S. 78, 55 S. Ct. 629, 79 L.Ed. 1314 (1935). Both requirements have been clearly satisfied in this case.[1] Lastly, the defendants' contentions that the evidence upon which the verdict was based was illegally obtained in violation of the Fourth Amendment to the Constitution of the United States was ruled upon by Judge Louis Rosenberg of this Court at the suppression hearing held before the trial of this case and is therefore the "law of

---

1. Cf. Cromer v. United States, 78 U.S.App.D.C. 400, 142 F.2d 697 (1944).

the case" and cannot be disturbed. United States v. Wheeler, 256 F.2d 745 (C.A. 3, 1958). The motion of both the defendants for a new trial is therefore denied.