UNITED STATES of America

v.

Gardner Lee CRIPPEN, Appellant,

and

Norman William Bond.

No. 72–1081.

United States Court of Appeals,
Third Circuit.

Submitted May 1, 1972.

Decided May 19, 1972.

**1388**

John A. Faraone, Wilmington, Del., for appellant.

Richard D. Levin, Asst. U. S. Atty., Wilmington, Del., F. L. Peter Stone, U. S. Atty., for appellee.

Before VAN DUSEN, GIBBONS and JAMES ROSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

In this case defendant, Gardner Lee Crippen, appeals from a conviction under an indictment charging possession of narcotic drugs with the intent to distribute and dispense, in violation of 21 U.S.C. § 841(a) (1970). The conviction, based on a jury verdict, resulted from the sale of two ounces of heroin and two ounces of cocaine to an undercover agent from the Bureau of Narcotics and Dangerous Drugs. Defendant raises three grounds of appeal before this court.

First, he alleges that the district court erred in denying his motion for judgment of acquittal, since there was insufficient evidence to establish his possession of the controlled substance. Viewing the evidence in the light most favorable to the Government,[1] it is clear that the requisite possession required under the statute was established. The requisite possession under 21 U.S.C. § 841 may be either actual or constructive.[2] Constructive possession may be found if the constructive possessor had the power to exercise dominion and control over the controlled substance.[3] The following facts establish defendant's constructive possession in this case:

(1) The arrangements to purchase the drugs were made with defendant. N.T. 44–48.

(2) Although another person actually handled the drugs, defendant directed his activity. N.T. 49, 64.

(3) Defendant indicated to the undercover agent that he had the drugs which the agent had previously arranged to purchase. N.T. 48.

(4) As the police converged on defendant to arrest him, he threw from the car a brown paper bag which was later found to contain narcotics. N. T. 18, 36, 52.

Defendant's second contention is that the chain of custody of the narcotics admitted into evidence was not established. Our review of the record indicates that a direct chain of custody was established by circumstantial evidence.

Defendant's final claim of entrapment is without merit. The jury was free to resolve the conflicting testimony of the Government agents and de-

---

1. United States v. Hamilton, 457 F.2d 95, at p. 98 (3d Cir. 1972).

2. United States v. Holland, 144 U.S.App. D.C. 225, 445 F.2d 701 (1971). *Cf.* United States v. Davis, 329 F.Supp. 493 (W.D.Pa.1971).

3. United States v. Malfi, 264 F.2d 147, 151 (3d Cir.), cert. denied, 361 U.S. 817, 80 S.Ct. 57, 4 L.Ed.2d 63 (1959); United States v. Davis, 329 F.Supp. 493, 496 (W.D.Pa.1971).

fense witness, Miss Curry. The testimony of the Government agents was sufficient to establish that the defendant was ready, willing and able to commit the crime and was not corrupted by any overreaching activity of the agents. United States v. Catanzaro, 407 F.2d 998 (3d Cir.1969).

The judgment of the district court will be affirmed.