**UNITED STATES of America**

v.

**Joseph SENATORE.**

**Crim. No. 80–00217.**

United States District Court,
E. D. Pennsylvania.

March 13, 1981.

---

Judy L. Goldstein, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Thomas A. Bergstrom, Philadelphia, Pa., for defendant.

## MEMORANDUM

CAHN, District Judge.

Defendant has appealed from the sentence imposed February 17, 1981. He was tried and convicted of possession and conspiracy to sell counterfeit gold British sovereigns with the intent to defraud in violation of 18 U.S.C. § 485 and § 371, and of conspiracy to distribute a controlled non-narcotic substance in violation of 21 U.S.C. § 846. I feel it incumbent upon me to state my reasons for denying defendant's post-trial motions.

Defendant challenged his conviction on several grounds of which four warrant discussion:

1. Defendant contested the sufficiency of proof as to the counterfeit nature of the British sovereigns which he was convicted of possessing and conspiring to sell. He

claimed that the coins were such poor likenesses of real British sovereigns that at most the government made out a violation of 18 U.S.C. § 489 which sets a $100 fine for possession of likenesses or similitudes of foreign money which do not rise to the level of counterfeits. Defendant also challenged the qualifications of the government's numismatic experts.

2. Defendant claimed that the government did not prove he had the requisite "intent to defraud ... any person" as required by 18 U.S.C. § 485 because he had informed the buyer of the coins, a government undercover agent, that they were counterfeit.

3. Defendant argued he could not be convicted for conspiracy to distribute a controlled substance because he actually distributed a noncontrolled substance and therefore committed no crime under 21 U.S.C. § 846.

4. Defendant further argued that he could not be punished for any violation of § 846 because there was no punishment applicable to him since he did not distribute any controlled substance listed in § 841. Violations of § 846 are punished by reference to § 841. Section 841 punishes offenders according to the substance involved.

The defendant's contentions are incorrect for the reasons discussed herein.

■ First, the government's expert witnesses were qualified. Whether the coins sold by the defendant to the government agent were too poor a likeness to defraud anyone was a question for the jury. The jurors had an opportunity to examine the coins sold as well as an actual sovereign. I cannot say that no reasonable jury could have found as this jury found.

■ Second, the government did prove that defendant possessed the requisite "intent to defraud." I agree that the recipient of the coins, the government undercover agent, knew that the coins were counterfeit and therefore was not defrauded. However, the defendant possessed and sold the coins with the expectation that the buyer would use them to defraud an unsophisti-

cated investor such as a "dumb doctor or lawyer." The specific intent requirement of § 485 was met because the defendant set forces in motion with the "intent to defraud ... any person." The use by Congress of the word "any" refutes the contention that the "intent to defraud" must be directed at a specific buyer. Also, the fact that the government agent did not actually intend to defraud anyone does not relieve the defendant from criminal responsibility for his sale of counterfeit coins with the "intent to defraud" someone.

■ Defendant is also guilty of conspiracy to possess and sell counterfeit coins with intent to defraud. It is irrelevant that the government agents—additional parties to the conspiracy—were not in agreement with defendant's unlawful purpose in his conspiracy. The two persons required for the conspiracy were present in the persons of the defendant and his co-defendant Mucci. *United States v. Rose*, 590 F.2d 232 (7th Cir. 1978) *cert. denied*, 442 U.S. 929, 99 S.Ct. 2859, 61 L.Ed.2d 297 (1979) (conspiracy exists where two parties agree even though third person's agreement is feigned).

■ Third, the defendant was properly convicted of conspiracy to distribute a controlled substance, namely Quaaludes, even though the substance he actually sold to government agents was not a controlled substance. The defendant *thought* he was selling a controlled substance. The crime of conspiracy, whether under the drug statute 21 U.S.C. § 846 or under the general criminal conspiracy statute 18 U.S.C. § 371, is complete upon the agreement to do an unlawful act as implemented by one or more overt acts. Factual impossibility is no defense.

> The law of conspiracy identifies the agreement to engage in a criminal venture as an event of sufficient threat to social order to permit the imposition of criminal sanctions for the agreement alone, plus an overt act in pursuit of it, regardless of whether the crime agreed upon actually is committed.

*United States v. Feola*, 420 U.S. 671, 694, 95 S.Ct. 1255, 1268, 43 L.Ed.2d 541 (1975). *United States v. Waldron*, 590 F.2d 33, 34 (1st Cir.), *cert. denied*, 441 U.S. 934, 99 S.Ct. 2056, 60 L.Ed.2d 662 (1979) (§ 371 conspiracy to import and sell stolen paintings worth more than $5,000 existed even though painting actually near worthless forgery); *United States v. Rose*, 590 F.2d 232, 235 (7th Cir. 1978) (§ 371 conspiracy to transport stolen goods existed despite fact goods not stolen); *United States v. Murray*, 527 F.2d 401, 412 (5th Cir. 1976) (§ 846 conspiracy to distribute heroin existed even though defendants sold agents flour); *United States v. Thompson*, 493 F.2d 305, 310 (9th Cir.), *cert. denied*, 419 U.S. 834, 95 S.Ct. 60, 42 L.Ed.2d 60 (1974) (defendant guilty of conspiracy to smuggle marijuana in violation of 21 U.S.C. § 176(a) despite fact that substance involved not marijuana).

Finally, defendant can be punished for his violation of § 846 according to the offense he *conspired* to commit. Section 846 provides:

> Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

The purpose of this conspiracy provision is to punish *uncompleted* attempts or conspiracies to violate the prohibitions of § 841 on the manufacture or distribution of controlled substances. This conspiracy provision would be rendered redundant if the defendant had to complete a § 841 offense in order to be punished under § 846. Therefore, I was correct in sentencing the defendant for the offense he intended to commit irrespective of whether he was able to commit it.

I considered each of the other grounds set forth in defendant's post-trial motion and found them without merit.