

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-27-2004

# USA v. Wilson

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4489

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Wilson" (2004). *2004 Decisions.* Paper 327.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/327

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4489

UNITED STATES OF AMERICA

v.

MALEAK WILSON,
                                   Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim No. 02-cr-00039 )
District Judge:  Honorable Donetta W. Ambrose
_____

Argued September 21, 2004
Before:  McKEE, ROSENN, and WEIS, <u>Circuit</u> <u>Judges</u>.
Filed     September 27, 2004

Karen S. Gerlach, Esq.    **Argued**
Office of Federal Public Defender
1001 Liberty Avenue
1450 Liberty Center
Pittsburgh, PA 15222
**(Appellant)**

Bonnie R. Schlueter, Esq.
Laura S. Irwin, Esq.
Michael L. Ivory, Esq. **Argued**
Office of US Attorney
700 Grant Street
Suite 400

Pittsburgh, PA 15219
**(Appellee)**

_____

OPINION

WEIS, Circuit Judge.

The jury convicted defendant of possession with intent to distribute crack-cocaine in excess of 5 grams and with carrying two firearms during and in relation to drug trafficking, all in violation of 21 U.S.C. §§ 841(e)a(1) and 841(b), as well as 18 U.S.C. § 924©)(1). He was sentenced to incarceration for 322 months.

Immediately preceding the defendant's arrest, Officer Cuiffi, a police patrolman, approached the automobile in which the defendant was a passenger. He did so in the belief, albeit mistaken, that a warrant had been issued for the arrest of defendant. Before Cuiffi arrived at the car, however, it sped away. Cuiffi and Sergeant Ruggiero later caught up with the car when it went out of control and left the roadway.

The defendant fled from the car and, following him on foot, Ruggiero saw him apparently hiding something in an area of trees and dead vegetation. After further pursuit on foot, defendant was apprehended. Ruggiero then pointed out to another officer the place where Ruggiero saw defendant appear to conceal something.

A search of the wooded area revealed two guns, one with half a grip missing, and crack-cocaine. A half of a pistol grip was found in defendant's jacket.

2

Although it did not match the one missing from the retrieved pistol, it could have been adapted for use with that gun.

After a hearing, the District Court denied a motion to suppress, finding Cuiffi's initial attempt to stop the defendant's car was reasonable based on his belief that a warrant had been issued. However, no stop had occurred because the auto sped away before the officer reached it. The totality of the circumstances established that the police had reasonable suspicion that defendant was engaged in criminal activity.

After the trial concluded, the defendant's mother came forward with allegations that fingerprints on one of the guns were those of a friend of defendant. The District Court declined to treat this assertion as newly discovered evidence.

On appeal, defendant raised three issues.

1. Police did not have reasonable suspicion to conduct a stop based on the unverified and mistaken belief that there was an outstanding warrant against defendant.

2. The evidence was insufficient to prove defendant possessed the drugs and carried the guns on which fingerprints of another individual were found.

3. The District Court abused its discretion by denying a new trial based on a post-trial discovery that fingerprints on one of the guns belonged to a friend of the defendant.

To constitute a seizure for Fourth Amendment purposes, a person must be restrained by physical force or by submission to police authority. In this case, the

defendant fled from the scene before confronting Cuiffi. Consequently, no unlawful stop occurred and the officer's actions were permissible. See California v. Hodari D., 499 U.S. 621, 622 (1991); United States v. Valentine, 232 F.3d 350, 358 (3d Cir. 2000). In any event, the officer's actions were reasonable. See United States v. Cortez, 449 U.S. 411, 418 (1981); United State v. Conley, 4 F.3d 1200, 1207 (3d Cir. 1993). The District Court properly denied the motion to suppress.

The indictment charged that the defendant both carried and possessed the guns in connection with drug trafficking. Ruggiero saw defendant in circumstances that indicated he was trying to conceal something in the vacant lot. The police found the guns in that spot only a few minutes later as they were leading the defendant away. Evidence that a defendant attempted to hide or destroy contraband may establish possession. See United States v. Johnson, 302 F.3d 139, 149 (3d Cir. 2002); United States v. Crippen, 459 F.2d 1387 (3d Cir. 1972). There was ample evidence in this case to support the jury's verdict on both counts.

The District Court properly denied the motion for a new trial based on alleged after-discovered evidence. At the trial, it was established that the fingerprints of someone other than those of the defendant were on one of the guns. The jury was, therefore, aware that at some time another individual had handled the gun. The alleged after-discovered evidence that revealed the name of the other individual added specificity

4

to the information already presented to the jury, but would not have added anything significant to the evidence the jury considered. We are not persuaded that the additional evidence qualified as new or after-discovered. <u>See</u> <u>United States v. Iannelli</u>, 528 F.2d 1290, 1292 (3d Cir. 1976).

Accordingly, the judgment of the District Court will be affirmed.