NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2492
_____

UNITED STATES OF AMERICA

v.

MITCHELL FRANCIS,
Appellant

_____

On Appeal from the District Court of the Virgin Islands
(D.C. No. 08-cr-007)
District Judge: Curtis V. Gomez

_____

Submitted Under Third Circuit LAR 34.1(a)
May 7, 2010

Before: SMITH, CHAGARES and JORDAN, *Circuit Judges*.

(Filed: May 12, 2010)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Mitchell Francis appeals from a judgment of conviction entered against him by the

District Court of the Virgin Islands of the United States for conspiracy to possess with

intent to distribute cocaine and possession with intent to distribute cocaine, in violation of

21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(II). Francis argues that his

conviction must be overturned because the government failed to present sufficient evidence for a rational jury to find him guilty of the charges beyond a reasonable doubt. For the following reasons, we will affirm.

## I.     Background

In February or March of 2006, Francis and an unidentified co-conspirator approached Raymond Petersen, a licensed boat captain, for the purpose of transporting cocaine. Francis explained that he and his associate intended to bring 400 kilograms of cocaine from either Venezuela or Trinidad back to the U.S. Virgin Islands, and they needed a captain and a boat. At the time, however, none of the men had access to a boat that was capable of making the voyage, and the plan was never executed. After this initial encounter, Petersen met with Drug Enforcement Administration ("DEA") agents to explain the situation. Petersen also entered into a confidential source agreement with the DEA and agreed to assist the DEA in their efforts to identify, capture, and arrest anyone involved in the trafficking of cocaine.

Thereafter, Petersen was approached by Francis once again about captaining a ship for the purpose of trafficking cocaine. This time, Francis wanted Petersen to help transport 300 kilograms of cocaine from the island of Dominica into the U.S. Virgin Islands. Agent Eric Lee of the DEA informed Petersen that the government could not guarantee his safety once he left the country and advised Petersen to tell Francis he could not make the trip to Dominica due to bad weather conditions, which he did. A few days

later, Francis informed Petersen that he had arranged for the cocaine to be shipped from Dominica to Tortola but that he needed Petersen to obtain a boat and take him to Tortola to retrieve the cocaine.

Finally, on the morning of December 15, 2007, Francis informed Petersen that the shipment of cocaine had arrived in Tortola and that it needed to be picked up that morning. Petersen agreed to take Francis to the island of Tortola in a boat owned by Petersen's employer, and the two men agreed to meet at the American Yacht Harbor on St. Thomas. On his way to the American Yacht Harbor, Petersen called Agent Lee who instructed Petersen to transport Francis to Tortola and pick up the drugs. Petersen met Francis at E Dock at the harbor, and the two proceeded to Tortola. As they were exiting the harbor, Francis lay down on the left side of the boat to avoid being seen by the fuel dock attendant. After the boat passed the fuel barge, Francis stood up and remained standing until Petersen and Francis arrived at the west end port of Tortola. After arriving in Tortola, Francis and Petersen met a vehicle from which Francis collected two boxes containing cocaine.

As Francis and Petersen headed back to St. Thomas with the cocaine on board, Petersen pretended to call his boss on his cell phone but actually called Agent Lee and told him where they would arrive in the harbor. About 20 to 25 minutes later, Francis and Petersen arrived at the American Yacht Harbor, and, once again, upon entering the harbor, Francis lay down on the deck of the boat, this time on the right side of the vessel,

3

to avoid being seen by the fuel dock attendant. After arriving at E Dock, Francis and Petersen began offloading the boxes of cocaine, but just as Petersen was about to hand Francis one of the boxes, Francis spotted three Customs and Border Protection agents walking towards their location and instructed Petersen to put the boxes back on the boat, which Petersen did. Petersen then drove the boat to A Dock and called Agent Lee, while Francis approached the Customs agents. Agent Lee instructed Petersen to take the drugs off the boat and place them by a nearby flagpole. Petersen placed the boxes by a soda machine, however, because there was a person sitting next to the flagpole. Agents maintained surveillance on the boxes as they sat next to the soda machine.

Francis was questioned by the Customs and Border Protection agents but was eventually allowed to continue on his way. He then approached Atiba Brathwaite, an employee at American Yacht Harbor, and asked Brathwaite to secure both boxes containing the cocaine in the fuel shed at the harbor. As Brathwaite began carting the boxes away from the soda machine and towards the fuel pumps, DEA agents stopped him and seized the boxes of cocaine. The boxes were taken back to the DEA's St. Thomas office to be tested and were found to contain cocaine.

Francis was arrested on the morning of January 15, 2008. A jury trial commenced on January 8, 2009. At the close of evidence, Francis made an oral motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, arguing that the government failed to present sufficient evidence for a rational jury to find him guilty

4

beyond a reasonable doubt. The District Court denied the motion, holding that, giving the government all favorable inferences and viewing the evidence in the light most favorable to the government, a reasonable juror could find Francis guilty beyond a reasonable doubt. On January 9, 2009, he was found guilty of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and with possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)(II). Francis filed a timely notice of appeal on May 15, 2009.

## II. Discussion[1]

"We apply a particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998). We must view the evidence in the light most favorable to the government and sustain the verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citations omitted). Thus, we have said that "a claim of insufficiency of the evidence places a very heavy burden on an appellant." *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir.1990) (citation omitted).

Francis was found guilty of both conspiracy to possess with intent to distribute cocaine and possession with intent to distribute. Possession may be either actual or constructive. *United States v. Crippen*, 459 F.2d 1387, 1388 (3d Cir. 1972).

---

[1]The District Court had jurisdiction pursuant to 48 U.S.C. § 1612(a). We have jurisdiction pursuant to 28 U.S.C. § 1291.

"Constructive possession may be found if the constructive possessor had the power to exercise dominion and control over the controlled substance." *Id.* To sustain a conviction for conspiracy, the government must establish: (1) a unity of purpose between the alleged conspirators, (2) an intent to achieve a common goal, and (3) an agreement to work together toward that goal. *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999). The elements of a conspiracy may be proven entirely with circumstantial evidence. *United States v. Brodie*, 403 F.3d 123, 134 (3d Cir. 2005). Furthermore, "[i]n conducting the sufficiency inquiry, we do not view the government's evidence in isolation, but rather, in conjunction and as a whole." *Id.* We must determine "whether all the pieces of evidence, taken together, make a strong enough case to let a jury find [the defendant] guilty beyond a reasonable doubt." *Id.*

Here, when viewed in the light most favorable to the government, it is clear that the evidence presented at trial was sufficient for a rational trier of fact to have found the essential elements of the crimes beyond a reasonable doubt. As Petersen testified at trial, Francis and an unknown co-conspirator initially approached Petersen to arrange for the shipment of cocaine from South America to St. Thomas. And later, when Francis approached Petersen to transport a shipment of cocaine from Dominica to St. Thomas but Petersen refused, Francis arranged for the drugs to be sent to Tortola and prevailed on Petersen to pick them up there. On the morning of December 15, 2007, Petersen and Francis retrieved the cocaine from Tortola and transported it back to St. Thomas in two

boxes. Petersen's testimony was corroborated by Brathwaite, who testified that Francis asked him to place the same two boxes of cocaine in the fuel pump house at the marina.

In sum, the government presented more than ample evidence of Francis's guilt, and Francis has failed to meet his very heavy burden of showing that no rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt.

## III.    Conclusion

For the foregoing reasons, we will affirm the judgment of conviction.